IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, # 101329, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:19cv225-WHA |
| ) | [WO] |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This cause is before the court on Arthur Brennan Malloy's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. # 1. Malloy is serving a sentence of life without parole as a habitual offender, which was imposed in 1981 upon his conviction for first-degree robbery after a jury trial in the Circuit Court of Montgomery County. Malloy challenges the state trial court's denial of his motion for reduction of sentence under Ala. Code § 13A-5-9.1. For the reasons that follow, Malloy's § 2254 petition should be dismissed as a successive petition filed without the required appellate court authorization.

### II.   DISCUSSION

Malloy purports to challenge the trial court's denial of his motion for reduction of sentence under Ala. Code § 13A-5-9.1, which in certain circumstances authorizes the sentencing judge to modify a sentence of life without parole to a sentence of life with the possibility of parole. *See Kirby v. State*, 899 So.2d 968, 971–72 (Ala. 2004); *Holt v. State*, 960 So. 2d 726, 734–35 (Ala. Crim. App. 2006). Although it is not clear from his assertions,

Malloy appears to challenge both a 2007 ruling and a 2012 ruling by the trial court denying separate motions by Malloy seeking relief under § 13A-5-9.1. *See* Doc. # 1 at 6. Malloy's only argument in support of his claim for relief is that the trial court at his 1981 sentencing improperly relied on his 1970 armed robbery conviction to sentence him as a habitual offender because the 1970 conviction was "'unproven' and 'uncertified'" and "has never been 'formally' introduced into evidence as required by law." *Id.*

Although couched in terms of challenging the denial of his motion, or motions, for reduction of sentence under § 13A-5-9.1,[1] Malloy's claim really constitutes an attack on his 1981 life-without-parole sentence. Malloy has filed numerous previous § 2254 petitions challenging his 1981 conviction and sentence, including a § 2254 petition filed in 1986, which this court denied with prejudice after determining that his claims presented therein were meritless. *See Malloy v. Jones*, Civil Action No. 2:86cv1160-TMH (M.D. Ala. 1988).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

---

[1] This court notes that the Eleventh Circuit has held that entitlement to a sentence reduction under § 13A-5-9.1 is purely a question of state law for which federal habeas relief is unavailable. *Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005).

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B) & (C).

Malloy furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Malloy] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles,* 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>     (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be summarily dismissed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause be DISMISSED under 28 U.S.C. § 2244(b)(3) because Malloy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive § 2254 petition, and this court therefore lacks jurisdiction to consider the petition.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before April 16, 2019. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders*, *Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of April, 2019.

       /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE