IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR BRENNAN MALLOY, # 101329, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19-CV-225-WHA |
| | ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Report and Recommendation of the Magistrate Judge (Doc. #4) and the Petitioner's Objection thereto (Doc. #5).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the Objection to be without merit and due to be overruled.

In his Objection, Petitioner argues that his § 2254 petition is not successive because, he says, it does not challenge his 1981 conviction and sentence (which he has challenged in numerous previous habeas petitions), but instead "challenges the 'arbitrary, capricious, and punitive in nature denial of his "Early Release on Parole" as required by statute.'" Doc. # 5 at 1.

The ground for relief listed in Petitioner's instant § 2254 petition was "Erroneous and Arbitrary denial of reduction of sentence to Life imprisonment and the 'Early Release on Parole.'" Doc. # 1 at 6. Petitioner's supporting facts for this claim concerned the trial court's denial(s) of his "*Kirby* Motion(s)" seeking a sentence reduction under § 13A-5-9.1

of the Ala. Code.[1] *Id*. Petitioner's only argument in support of this claim was that the trial court, at his 1981 sentencing, improperly relied on his 1970 armed robbery conviction in sentencing him as a habitual offender because the 1970 conviction was "'unproven' and 'uncertified'" and "has never been 'formally' introduced into evidence as required by law." *Id*. Consequently, the Magistrate Judge's Recommendation correctly states: "Although couched in terms of challenging the denial of his motion, or motions, for reduction of sentence under § 13A-5-9.1, Petitioner's claim really constitutes an attack on his 1981 life-without-parole sentence." Doc. # 4 at 2. Petitioner has filed numerous previous habeas petitions attacking his 1981 conviction and sentence, making his instant petition successive. Petitioner's insistence that his latest petition is really a challenge to the "arbitrary, capricious, and punitive in nature denial of his 'Early Release on Parole' as required by statute" does not keep his petition from being a successive attack on the sentence imposed in 1981.

Even if Petitioner's instant petition is deemed to attack only the trial court's denial of his motions for sentence reduction under § 13A-5-9.1, and even if this attack is deemed not successive, the Magistrate Judge's Recommendation correctly observes that the Eleventh Circuit has held that entitlement to a sentence reduction under § 13A-5-9.1 is purely a question of state law for which federal habeas relief is unavailable. *See* Doc. # 4 at 2, n.1, citing *Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005). Indeed, the

---

[1] Section 13A-5-9.1 provides a means for a defendant sentenced to life without parole under Alabama's habitual offender statute to move for a sentence reduction, where certain requirements are met, via a so called "*Kirby* motion." *See Kirby v. State*, 899 So. 2d 968 (Ala. 2004); *Holt v. State*, 960 So. 2d 726, 734 35 (Ala. Crim. App. 2006).

Eleventh Circuit said so in an order denying a certificate of appealability in an appeal by Petitioner from the dismissal of one of his previous habeas challenges to the trial court's denial of his motion for sentence reduction under § 13A-5-9.1. *See Malloy v. Davenport*, 2:13cv784-WHA, Doc. # 37 at 4–5.[2] Thus, even if Petitioner's instant petition is not successive, he may not obtain federal habeas relief from the state court's denial of his motions for sentence reduction under § 13A-5-9.1.

Accordingly, the Objection (Doc. # 5) is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge (Doc. # 4), the Petition for Habeas Corpus Relief (Doc. # 1) is DENIED, and it is hereby ORDERED that this case is DISMISSED.

DONE this 19th day of April, 2019.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNTIED STATE DISTRICT JUDGE

---

[2] In that same order, the Eleventh Circuit also indicated that it considers a habeas challenge to the denial of a motion for sentence reduction under § 13A-5-9.1 as an attack on the original sentence that is subject to AEDPA's successive petition rules. *See Malloy v. Davenport*, 2:13cv784-WHA, Doc. # 37 at 3–4 ("[Malloy] challenged his sentence by arguing that he was entitled to a sentence reduction. Because Malloy challenged his underlying conviction and sentence, Malloy's petition was 'second or successive,' and the district court should have dismissed it in its entirety for lack of jurisdiction because he failed to obtain the requisite authorization from this Court."). Such language lends support to the Magistrate Judge's finding in the instant case that Petitioner's § 2254 petition is a successive petition.