IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR BRENNAN MALLOY, # 101329, )
)
    Petitioner, )
)
  v. ) CIVIL ACTION NO.
) 2:19-CV-225-WHA
) (WO)
CHRISTOPHER GORDY, *et al.*, )
)
    Respondents. )

**ORDER**

On April 26, 2019, Arthur Brennan Malloy filed this *pro se* motion to vacate judgment under Rule 59 of the Federal Rules of Civil Procedure (Doc. # 8)[1] asking this court to relieve him from its April 19, 2019 order of dismissal (Doc. # 6) and judgment (Doc. # 7) in this § 2254 action.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may file a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). For a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks omitted); *see also United States v. Marion*, 562 F.3d 1330,

---

[1] The Court received Malloy's motion on May 3, 2019, but Malloy represents that he mailed the motion from prison on April 26, 2019. Applying the "mailbox rule," and no evidence to the contrary, the Court deems his motion as filed on April 26, 2019. *See Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).

1335 (11th Cir.2009) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest error of law or fact.") (citation and internal marks omitted)

Malloy initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 purporting to challenge the state trial court's denial of his motion, or motions, for reduction of sentence under Ala. Code § 13A-5-9.1. Doc. # 1. On April 2, 2019, the Magistrate Judge entered a Recommendation finding that Malloy's § 2254 petition was a successive petition challenging, in effect, his life-without-parole sentence for his 1981 conviction for first-degree robbery. *See* Doc. # 4. The Magistrate Judge found that because Malloy had failed to obtain authorization from the Eleventh Circuit Court of Appeals to bring his successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), this court lacked jurisdiction to consider the petition and the petition should be dismissed. The Magistrate Judge's Recommendation also noted that entitlement to a sentence reduction under Ala. Code § 13A-5-9.1 is purely a question of state law for which federal habeas relief is unavailable. *See* Doc. # 4 at 2, n.1, citing *Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005). Malloy filed an Objection to the Recommendation (Doc. # 5), and April 19, 2019, this Court overruled the Objection, adopted the Recommendation, and ordered that Malloy's case be dismissed and a judgment entered (Docs. # 6 & 7).

In his motion for relief under Fed.R.Civ.P. 59(e), Malloy contends that the Magistrate Judge and this Court erroneously construed the argument in his § 2254 petition to be that the trial court at his 1981 sentencing improperly relied on his 1970 armed robbery conviction to sentence him as a habitual offender, when, Malloy says, his real argument was that the trial court, in 2007 and again in 2012, improperly relied on the 1970 armed

2

robbery conviction to deny his motions for sentence reduction under Ala. Code § 13A-5-9.1. *See* Doc. # 8 at 1–2. Malloy's argument, as he currently frames it, is not apparent in his § 2254 petition or in his Objection to the Magistrate Judge's Recommendation. In any event, the argument is immaterial to the outcome in this case, because a § 2254 petition that challenges the denial of a motion for sentence reduction under Ala. Code § 13A-5-9.1 constitutes an attack on the petitioner's underlying sentence, and such a § 2254 petition is considered to be successive where the petitioner has filed a previous § 2254 petition challenging the same underlying sentence. This has been the outcome in at least two previous cases where Malloy has filed a § 2254 petition challenging the trial court's denial of his motion for sentence reduction under Ala. Code § 13A-5-9.1. *See Malloy v. Riley, et al.*, Case No. 03-10384 (11th Cir. 2003) (Unpublished Opinion of Aug. 26, 2003); *Malloy v. Warden, Attorney General State of Alabama*, Case No. 16-13198 (11th Cir. 2016) (Order of Dec. 9, 2016, denying Malloy's motion for certificate of appealability).

Malloy has filed numerous previous § 2254 petitions challenging his 1981 conviction and sentence. Because a § 2254 petition that challenges the denial of a motion for sentence reduction under Ala. Code § 13A-5-9.1 constitutes an attack on an underlying sentence, Malloy's latest § 2254 petition is successive. Because Malloy had no permission from the Eleventh Circuit to file a successive § 2254 petition, this court lacks jurisdiction to consider the petition.

Moreover, as noted in both the Magistrate Judge's Recommendation and in this Court's order of dismissal, entitlement to a sentence reduction under Ala. Code § 13A-5-9.1 is purely a question of state law for which federal habeas relief is unavailable. *See* Doc.

# 4 at 2, n.1; Doc. # 6 at 2–3. For this reason, Malloy should be aware that a challenge via a § 2254 petition to the denial of a motion for sentence reduction under Ala. Code § 13A-5-9.1 will be unavailing. The Eleventh Circuit indicated as much in its order denying a certificate of appealability in an appeal by Malloy from the dismissal of one of his previous habeas challenges to the denial of his motion for sentence reduction under Ala. Code § 13A-5-9.1. *See Malloy v. Warden, Attorney General State of Alabama*, Case No. 16-13198 (11th Cir. 2016) (Order of Dec. 9, 2016, denying Malloy's motion for certificate of appealability from this Court's judgment in *Malloy v. Davenport*, Civil Action No. 2:13cv784-WHA (M.D. Ala. 2016)).

Accordingly, because Malloy has identified neither newly discovered evidence nor any manifest errors of law or fact, it is ORDERED that the motion for relief under Fed.R.Civ.P. 59(e) (Doc. # 8) is DENIED.

DONE this 9th day of May, 2019.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE